**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | |
|---|---|
| IN RE: NEW YORK COMMUNITY BANCORP, INC., SECURITIES LITIGATION | **MEMORANDUM OF DECISION AND ORDER** <br> 04-CV-4165 (ADS)(AKT) |

-------------------------------------------------------X

**A P P E A R A N C E S:**

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Lead attorneys for the Plaintiffs
One Pennsylvania Plaza
New York, NY 10119
  By: Barry A Weprin, Esq.,
     Sharon Maine Lee, Esq., and
     Arvind Khurana, Esq., of Counsel

**MURRAY FRANK & SAILER LLP**
Attorneys for the Plaintiff Neil Mulligan
275 Madison Avenue
New York, NY 10116
  By: Marvin L. Frank, Esq.,
     Lawrence D. McCabe, and
     Eric J. Belfi, Esq., of Counsel

**STULL, STULL & BRODY**
Co-counsel for the Plaintiffs Al Tawil and Estate of Farah Mahlab
6 East 45th Street
New York, NY 10017
  By: Aaron L. Brody, Esq., and
     Howard T. Longman, Esq., of Counsel

**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
Co-counsel for the Plaintiffs Al Tawil and Estate of Farah Mahlab
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
  By: Gary S. Graifman, Esq., of Counsel

**SULLIVAN & CROMWELL LLP**
Attorneys for the Defendants
125 Broad Street
New York, NY 10004-2948
     By:    Brian Thomas Frawley, Esq., and
                Michael H. Rosner, Esq., of Counsel

**SPATT, District Judge.**

Currently before the Court is (1) a motion by the Lead Plaintiff, Metzler Investment GmbH (the "Lead Plaintiff"or "Metzler"), for reconsideration of this Court's September 18, 2006 Decision granting the Defendants' motion to dismiss the Consolidated and Amended Class Action Complaint; (2) a motion by the Lead Plaintiff to add co-lead counsel; and (3) a motion by the Defendants to strike the Lead Plaintiff's reply papers.

## I. BACKGROUND

The background of this case is set forth in the Court's Memorandum of Decision and Order of September 18, 2006. <u>In re N.Y. Cmty. Bancorp, Inc. Sec. Litig.</u>, 448 F. Supp. 2d 466 (E.D.N.Y. 2006). Familiarity with that decision is assumed. The relevant facts are repeated for clarity.

By order dated August 9, 2005 ("Consolidation Order"), United States District Judge Denis R. Hurley consolidated eleven related purported securities class actions commenced on behalf of investors who purchased or acquired stock of New York Community Bancorp. ("NYCB"). In addition, the Court appointed Metzler and Bernard Drucker as Lead Plaintiffs and their counsel Milberg Weiss Bershad &

Schulman LLP ("Milberg Weiss") as lead counsel. On October 6, 2005, the Lead Plaintiffs filed a Consolidated and Amended Class Action Complaint (the "Amended Complaint").

In this consolidated class action the Plaintiffs claimed that the Defendants NYCB, Joseph R. Ficalora, Joseph L. Mancino, Michael F. Manzulli, Michael Puorro, Robert Wann, Anthony E. Burke, James J. O'Donovan, and Thomas R. Cangemi (collectively the "Defendants"), violated federal securities laws by making materially false and misleading statements concerning NYCB's investment practices; its exposure to interest rate risk; the composition of its investment portfolio; and its ability to sustain growth through its multi-family mortgage lending business.

On February 24, 2006, the Defendants moved to dismiss the Amended Complaint. On March 10, 2006, the case was reassigned to this Court. On September 18, 2006, this Court dismissed the Amended Complaint in its entirety for failure to state a claim and directed the Clerk's Office to close this case.

In its Decision, this Court determined that the alleged misstatements set forth in the Amended Complaint constituted generalizations regarding integrity, fiscal discipline, and risk management that amounted to no more than inactionable puffery. The Court found that no reasonable investor would have relied on such statements if they had examined the numerous disclosures NYCB made regarding the magnitude of

its investment in mortgage-backed securities and the risk associated with such investments.

The Court further determined that an examination of the public reports prior to and during the Class Period revealed that NYCB consistently disclosed the company's "leveraged growth" strategy of investing in mortgage-backed securities. The Court noted that the totality of the public disclosures from NYCB portrayed an overall commitment to deleverage over the long-term, while taking advantage of opportunities for leveraged growth when and if they were presented. The Court further determined that the Plaintiffs did not allege that NYCB ever misstated any historical fact or even one item of financial data. According to the Court, NYCB's investment activities were completely transparent, fully disclosed, and readily available for any investor that made even the most cursory inquiry.

Accordingly, the Court found that the Plaintiffs failed to allege any material misrepresentation or omission, an element common to all of the Plaintiffs' claims. In fact, the Court determined that the disclosures made by NYCB prior to and during the Class Period in its quarterly and annual reports, as well as the January 2004 Offering Prospectus, showed a company that was transparent. The Court noted that any investor could have readily seen that NYCB was heavily leveraged, and deeply invested in risky mortgage-backed securities. Moreover, the risks associated with such investment activity were adequately disclosed to investors and shareholders.

Accordingly, the Court determined that the Plaintiffs failed to allege any actionable material misstatement or omission. The Court dismissed the Amended Complaint and closed the case.

Following the dismissal of the Amended Complaint, the Lead Plaintiffs moved to appoint new lead co-counsel, contending that lead counsel, Milberg Weiss, and two former partners had been indicted. The Lead Plaintiffs also moved for reconsideration of this Court's September 18, 2006 Decision. However, on October 26, 2006, Lead Plaintiff Bernard Drucker withdrew his motion to appoint new lead co-counsel and, additionally, withdrew his motion for reconsideration. As a result, only the Lead Plaintiff Metzler's motions remain pending before this Court.

In support of its motion for reconsideration, the Lead Plaintiff argues that it should be granted leave to amend the Amended Complaint. The Lead Plaintiff contends that in its September 18, 2006 Decision, this Court should have granted leave to amend the Amended Complaint. The Lead Plaintiff contends that it should now be permitted to "recast the Complaint" and "demonstrate that Defendants deliberately deceived investors." In fact, the Lead Plaintiff contends that it "can recast the Complaint to make clearer the materiality of Defendants' misrepresentations and omissions." The Lead Plaintiff further claims that, if given the opportunity, it can "plead facts supporting a strong inference that Defendants acted with scienter." Although the Lead Plaintiff purports to move for reconsideration pursuant to Fed. R.

Civ. P. 59(e) and 60(b), the Lead Plaintiff fails to specify the subsection of Rule 60(b) upon which it relies.

In opposition, the Defendants contend that the Lead Plaintiff's motion for reconsideration is frivolous and presents no grounds for reconsideration. Following the filing of the Lead Plaintiff's reply papers, including a supporting affidavit, the Defendants moved to strike the reply papers as untimely and in violation of Local Rule 6.3 which states that affidavits should not be filed unless requested by the Court.

## II. DISCUSSION

### A. As To The Motion For Reconsideration

The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir.1999) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)). A motion for reconsideration, also known as reargument, is governed by Federal Rule of Civil Procedure 59(e) ("Fed. R. Civ. P.") and Local Rule 6.3. See Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002); Yurman Design Inc. v. Shieler Trading Corp., No. 99 Civ. 9307, 2003 U.S. Dist. LEXIS 15070, at *2 (S.D.N.Y. Aug. 28, 2003).

The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical. See Alexander v. The Turner Corp., No. 00 Civ. 4677, 2001 U.S. Dist.

LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp.2d 214, 224 (S.D.N.Y.2004); Colodney v. Continuum Health Partners, Inc., No. 03-7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug 18, 2004); see also In Re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003); E.D.N.Y. Local Civil Rule 6.3. Reconsideration may also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed R. Civ. Proc. 59(e).

To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 U.S. Dist. LEXIS 3165, at *1 (S.D.N.Y. Mar. 22, 2001); see also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (stating that reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"); In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (stating that a Rule 6.3 motion is "not a motion to

reargue those issues already considered when a party does not like the way the original motion was resolved"). In addition, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist., 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

Although the Lead Plaintiff contends that it should be permitted an opportunity to "recast the Complaint to make clearer the materiality of Defendants' misrepresentations and omissions," the Lead Plaintiff fails to "establish a ground for reconsideration because absent from [the] motion are citations to controlling law or factual matters that the Court overlooked which might have reasonably altered the outcome" of the Court's Order. Ramratan v. N.Y. City Bd. of Elections, No. 06-cv-4770, 2006 U.S. Dist. LEXIS 64644, at *3 (E.D.N.Y. Sept. 11, 2006) (citing JP Morgan Chase Bank, 322 F. Supp. 2d 353, 354 (S.D.N.Y. 2004)). In fact, throughout the present motion, the Lead Plaintiff reargues its allegations that the Defendants are liable for securities fraud based on misrepresentations and omissions. "[A] moving party may not merely reiterate or repackage an argument previously rejected by the court." Cole v. United States, No. 98 cv 7670, 2005 U.S. Dist. LEXIS 36670, at *7 (E.D.N.Y. Dec. 14, 2005) (citing Resource N.E. of Long Island v. Town of Babylon, 80 F. Supp. 2d 52, 64 (E.D.N.Y. 2000)). "A motion for reconsideration is not an opportunity for 'a second bite at the apple.'" Rosenberger v. N.Y. State Office of

Temp. & Disability Assistance, No. 04 cv 0475, 2005 U.S. Dist. LEXIS 1295, at *6 (N.D.N.Y. Jan. 28, 2005) (citing Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

Further, the Lead Plaintiff requests the opportunity to amend the Amended Complaint, noting that it requested an opportunity to amend in opposition to the Defendants' motion to dismiss. Although, in its September 18, 2006 Decision, the Court did not specifically address the Plaintiffs' request to amend the Amended Complaint, the Court determined that the Amended Complaint was completely without merit, and as a result, opted to dismiss the Amended Complaint without granting leave to amend. The Court finds that the Lead Plaintiff has presented no "factual matters or controlling precedent that were presented to [the Court] on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp.2d 214, 224 (S.D.N.Y.2004).

"A motion for reconsideration cannot be granted . . . solely on a party's disagreement with the Court's ruling." Colodney, 2004 WL 1857568, at *3. The Court finds that the Lead Plaintiff has not presented "controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-67 (2d Cir. 1995) (citations omitted). Accordingly, the motion for reconsideration is denied.

**B.     As To The Rule 60(b) Motion**

Fed. R. Civ. P. 60(b) provides that " [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding." Rule 60(b) provides the following grounds for relief from a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

In the present case, the Lead Plaintiff moves pursuant to Fed. R. Civ. P. 60(b), but fails to include the subsection of Rule 60(b) upon which it relies. As previously discussed, the Lead Plaintiff seeks the opportunity to amend the Amended Complaint in order to somehow "recast the Complaint." However, the Lead Plaintiff makes no allegations of mistake, neglect or newly discovered evidence. Further, the Lead Plaintiff does not allege fraud or misconduct or make any claim that the judgment is void. Grace v. Bank Leumi Trust Co., 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted

in a manner inconsistent with due process of law"). "Finally, [the Lead Plaintiff] cannot prevail under Rule 60(b)(5) or Rule 60(b)(6) because [it] points to no material, relevant change in fact or law since the [Decision] . . . or 'extraordinary circumstances' justifying relief." Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., No. 06-1351, 2007 U.S. App. LEXIS 6172, at *4 (2d Cir. Mar. 14, 2007).

Finally, as stated above, the Lead Plaintiff's disagreement with this Court's decision is not sufficient to justify relief from the judgment, pursuant to Fed. R. Civ. P. 60(b). Green v. Jacobsen, No. 98 Civ. 1226, 98 Civ. 0852, 97 Civ. 6652, 2004 U.S. Dist. LEXIS 2280, at *3 (S.D.N.Y. Feb. 13, 2004) ("Plaintiff's disagreement with the Court's original decision is not sufficient to warrant relief from the judgment"); Martin v. Chemical Bank, 940 F. Supp. 56, 59 (S.D.N.Y. 1996) ("Rule 60(b) is no substitute for an appeal").

Accordingly, the Lead Plaintiff's motion for reconsideration is denied.

**C.    The Remaining Applications**

As the Court has denied the Lead Plaintiff's motion for reconsideration and the case is closed, the Court denies the Lead Plaintiff's motion to appoint additional co-lead counsel.

In addition, as the Court has denied reconsideration, the Court denies the Defendants' motion to strike the Lead Plaintiff's reply papers as moot.

11

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the motion by the Lead Plaintiff for reconsideration is **DENIED**; and it is further

**ORDERED**, that the motion by the Lead Plaintiff to appoint additional co-lead counsel is **DENIED**; and it is further

**ORDERED**, that the Defendants' motion to strike the Lead Plaintiff's reply papers is **DENIED** as moot.

**SO ORDERED.**

Dated: Central Islip, New York
       June 29, 2007

                                                        _/s/ Arthur D. Spatt_____
                                                           ARTHUR D. SPATT
                                                        United States District Judge